**-UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CRAIG BURD,**

**Plaintiff,**

**-against-**

**LOCAL 306**

**Defendant.**

**24-cv-6629 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Craig Burd brings this action *pro se* against Defendant New York Local Union 306 ("Local 306"), claiming that Local 306 failed to provide reasonable accommodations under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213 ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law§§ 290 to 297 ("NYSHRL"). Plaintiff also alleges Defendant breached the Equal Employment Commission ("EEOC") Conciliation Agreement. Defendant now moves for dismissal of Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 24. After careful review, the Court GRANTS Defendant's motion to dismiss

## BACKGROUND

### I. Factual Background

Plaintiff's amended complaint claims that, at the time of the alleged discrimination, he was a 54 year-old man, part of the New York Local Union 306 ("Local 306"). Am. Compl. ¶ 2. Plaintiff was a third-generation member of the Audio Visual/Projectionist Department. *Id.* ¶ 12. Defendant Local 306 is an affiliate of the International Alliance of Theatrical Stage Employees

(“IATSE”). *Id*. ¶ 11. Local 306 operated as “an exclusive hiring hall for several audio-visual companies and specific venues throughout New York, including Freeman, Creative Technology, Metro Multimedia, NMR, ETS and others.” *Id*. ¶ 13.

Plaintiff states that prior to the COVID-19 pandemic (before March 2020), he was ranked #9 on the Audio/Visual seniority list. *Id.* ¶ 16. Since other members left after the pandemic, by 2022, Plaintiff had moved to #2 on the active seniority list. *Id*. Plaintiff sustained a spinal cord injury in February 2020, and was officially diagnosed as disabled with neuropathy on February 24, 2020. *Id*. ¶ 17. Plaintiff claims he remains capable of performing the essential functions of audio-visual and projectionist work with or without reasonable accommodation. *Id*. ¶ 19.

In April 2021, Plaintiff asked Business Representative Michael Fewx why he wasn't considered for work on the TriBeca Film Festival 2021 or offered the mandatory training necessary to work the event. *Id*. ¶ 20. Plaintiff claims Fewx responded that he was no longer fit for the job. *Id*. ¶ 21. Plaintiff states that due to unforeseen circumstances, he was unable to work at two events in September and October 2021. *Id*. ¶¶ 22-23. He claims he was then bypassed for several jobs through December 2021. *Id*. ¶ 24.

Plaintiff claims that in February 2022, he was moved to the bottom of the seniority list, effectively blacklisting him from all future work opportunities, by Fewx and then-President Rita Russell *Id*. ¶ 28. Plaintiff states that he has not been offered any work through Local 306 since October 2021, and Fewx has cut off all communication. *Id*. ¶ 29. Plaintiff states that from November 2023 through December 2024, he tried to resolve the situation to secure work through proper union channels but received no responses. *Id*. ¶ 30. During that time, Plaintiff states that Local 306 continued to refer less senior members, ineligible members with full-time jobs,

delinquent members with dues, from the Theatrical side of 306, as well as non-union individuals, for audio-visual and projectionist work. *Id*.

Following this, in March 2022, Plaintiff filed formal charges with the Local 306 Executive Board against Russell and Fewx for violations of the union constitution and bylaws. *Id*. ¶ 40. Plaintiff states that Defendant emailed union members saying Plaintiff was running a non-Union AV company, poaching contracted work, and was using his position in the Union to pressure Union members to work for his company, and not pay them benefits. *Id*. ¶ 37. Plaintiff claims that Local 306 never engaged any interactive process to discuss potential reasonable accommodations that would enable Plaintiff to return to work. *Id*. ¶ 36. Last, Plaintiff claims that Defendant maintains a March 2020 EEOC Conciliation Agreement. *Id*. ¶ 71.

**II. Procedural History**

Plaintiff filed his *pro se* complaint on August 22, 2024. ECF No. 1. He filed an amended complaint on August 14, 2025. ECF No. 18. Defendant filed a Motion to Dismiss on October 15, 2025. ECF No. 25. Plaintiff filed his opposition on October 27, 2025. ECF No. 26. Defendant filed their reply on November 4, 2025. ECF No. 27.

## DISCUSSION

I. Plaintiff's federal claims are time-barred.

Defendant argues that Plaintiff's ADA and ADEA claims are time-barred because the amended complaint is based on events more than 300 days before Plaintiff filed his EEOC complaint. The court agrees that these claims are time-barred.

Plaintiff filed his EEOC complaint on November 14, 2023. Am. Compl. ¶ 7; see ECF No. 1. Therefore, allegations from the conduct must have occurred before January 18, 2023. "Where the plaintiff complains of discrete discriminatory or retaliatory acts such as 'termination, failure to

promote, denial of transfer, or refusal to hire,' such claims are not actionable if they occurred prior to the 300-day period even though they may be 'related to' acts that occurred within the permissible 300-day period." *Zoulas v. N.Y. City Dep't of Educ.*, 400 F. Supp. 3d 25, 49 (S.D.N.Y. 2019). "Because a discrete discriminatory act is individually actionable and 'occurs' on the day that it 'happened,' the 300-day limitations period begins running on the day of each occurrence, meaning each discrete act claim carries its own 300-day limitations period." *Mitchell v. Planned Parenthood of Greater N.Y., Inc.*, 745 F. Supp. 3d 68, 87 (S.D.N.Y. 2024) (internal quotations omitted).

Plaintiff claims that the ADA and ADEA claims are not time barred because of the "continuing violation doctrine." Plaintiff's Opposition ("Pl. Opp."), at 10. However, the Court is not persuaded that this doctrine applies. "The continuing violation doctrine provides that '[w]hen a plaintiff experiences a continuous practice and policy [that violates his or her rights], ... the commencement of the statute of limitations period may be delayed until the last violation.'" *Zoulas*, 400 F. Supp. 3d at 49. "The doctrine applies to claims composed of a series of separate acts that collectively constitute one unlawful practice and functions to delay the commencement of the statute of limitations period until the last discriminatory act in furtherance of that broader unlawful practice." *Mitchell*, 745 F. Supp. 3d at 88.

The Plaintiff's claims for ADA and ADEA are discrete acts of lack of job referrals, so the continuing violation doctrine cannot be applied. Plaintiff alleges a systematic pattern of discrimination that manifested in multiple ways, including being moved from #2 to the bottom of the seniority list, being actively discouraged from seeking work through the Union, and having false information provided to employees. Pl. Opp. at 10-11; *See* ECF No. 26. Although Plaintiff characterizes his allegations as a "systematic pattern of discrimination," his factual allegations

are specific acts. "To qualify as continuing, the claimed actions must not be 'discrete acts,' but 'repeated conduct' that 'occurs over a series of days or perhaps years.'" *Zoulas*, 400 F. Supp. 3d at 49. (internal quotations and citations omitted). The separate discrete actions do not have a clear factual connection to surpass the statute of limitations. In *Stouter v. Smithtown Cent. Sch. Dist.*, the Court applied the continuing violation because the plaintiff cited several factual claims that constituted a hostile work environment such as: (1) rescheduling a job to an inferior date and time, (2) reclassifying an organization resulting in increased fees for an organization, and (3) a letter that reprimanded the plaintiff for alleged interfering, 687 F. Supp. 2d 224, 230-231 (E.D.N.Y 2010). However, in that case, the claims the plaintiff cited for the elimination of her position and refusal to hire were considered discrete discriminatory acts and not allowed to proceed under the continuing violation doctrine.

In this case, the Plaintiff has only cited discrete discriminatory acts such as refusals to hire, to which this circuit has held that the continuing violation doctrine does not apply. *See Murillo-Roman v. Pension Boards - United Church of Christ*, No. 1:22-CV-08365 (JLR), 2024 WL 246018, at *7 (S.D.N.Y. Jan. 23, 2024) (collecting cases). Because the continuing violation doctrine is inapplicable, Plaintiff's ADA and ADEA claims are time-barred.

II. Plaintiff's Breach of EEOC Conciliation Agreement Claim

Plaintiff's claim that Defendant breached the EEOC Conciliation Agreement fails because Plaintiff does not have standing to bring this claim. "It is well settled that a plaintiff asserting a claim in federal court must establish that the statute under which he or she is suing grants him or her the cause of action that he or she asserts." *Jeannot v. New York State*, 762 F. Supp. 3d 217, 236 (E.D.N.Y. 2025) (internal citations and quotations omitted). "To determine whether a plaintiff has established statutory standing, courts presume that a statute provides a cause of

action only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Jusino v. New York City Dep't of Educ.*, No. 22-CV-00853-LDH-ST, 2026 WL 879237, at *3 (E.D.N.Y. Mar. 31, 2026).

"Title VII sets forth an integrated, multistep enforcement procedure [designed] ... to detect and remedy instances of discrimination." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 62, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984) (internal quotation marks omitted). "While the EEOC may bring actions in federal court if it is unable to secure an acceptable conciliation agreement, *see* 42 U.S.C. § 2000e–5(f)(1), an aggrieved employee may also bring such a lawsuit himself, which redresses his own injury and vindicates the important congressional policy against discriminatory employment practices." *Richardson v. Comm'n on Hum. Rts. & Opportunities*, 532 F.3d 114, 118 (2d Cir. 2008) (internal citations and quotations omitted). Here, Plaintiff has chosen to bring his own lawsuit against Defendant. While the EEOC previously formed a Conciliation Agreement with Defendant, Plaintiff was not a party to that agreement.[1] *See* FAC, Exhibit B. The agreement was reached in connection with past charges filed by individuals other than Plaintiff and concerns certain data maintenance and recordkeeping required by Defendant in the future. *See id.* There is no private right of action to remedy alleged violations of a union's recordkeeping requirements. *See* 42 U.S.C. § 2000e-8(c). Additionally, Title VII does not provide for damages to individuals for such alleged violations. *Id.* Therefore, the Court finds that Plaintiff is unable to bring a claim alleging a breach of the Conciliation Agreement, so this claim fails as a matter of law.

[1] Plaintiff's EEOC Charge number is 520-2023-05835, FAC ¶ 7), while the Charge numbers indicated on the Agreement are 520-2014-01424, 520-2014-01425, and 520-2014-01503C. *See Id*. Exhibit B.

III. Plaintiff's NYSHRL Claim

Having dismissed Plaintiff's federal claims, the Court will not exercise supplemental jurisdiction over Plaintiff's NYSHRL claim. *See* 28 U.S.C. § 1367(c)(3) (Once the court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over a claim under subsection (a)[.]"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**CONCLUSION**

For the foregoing reasons, Defendant's motion is **GRANTED.** Plaintiff can amend his complaint by August 7, 2026.

**SO ORDERED.**

**Dated: July 31, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**